IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| MELVIN BUTLER, *et al.*, | |
| Plaintiff, | |
| v. | Case Nos.:   AW 09-cv-0522 |
| MV TRANSPORTATION, INC., | AW 09-cv-1457 |
| and | |
| CHALLENGER TRANSPORTATION, INC. | |
| Defendants. | |

PLAINTIFF HAYES'S CONSOLIDATED OPPOSITION TO
DEFENDANTS' MOTIONS TO DISMISS AND/OR STRIKE

## I.    INTRODUCTION

Plaintiff Rudolph Hayes ("Plaintiff") respectfully submits this consolidated memorandum in opposition to the motions to dismiss and/or strike filed by Defendant Challenger Transportation, Inc., ("Challenger"), and Defendant MV Transportation, Inc. ("MV").[1]

## II.    BRIEF FACTS

Plaintiff is a Maryland resident who was employed by Defendants as a driver from late November 2007 until in or about late December 2008.  Hayes Complaint, ¶ 12, June 4, 2009, (Doc. No. 1) ("Comp.").  Plaintiff was employed by Defendants as a driver of a vehicle weighing less than 10,001 pounds and which were designed and used to transport no more than 8

---

[1] Plaintiff responds herewith to the following motions: Defendant Challenger Transportation, Inc.'s Motion to Dismiss Plaintiff's Maryland Wage Payment and Collection Law Claim, July 6, 2009 (Doc. No. 10) and Motion to Dismiss and/or Strike Plaintiff's Rule 23 Class Action Allegations, July 6, 2009 (Doc. No. 11) ("Challenger's Motion"), and Defendant MV Transportation Inc.'s Motion to Dismiss Plaintiff's Maryland Wage Payment and Collection Law Claim, July 27, 2009 (Doc. No. 23) and Motion to Dismiss and/or Strike Plaintiff's Rule 23 State Law Class Action Allegations, July 27, 2009 (Doc. No. 24), all filed in case no. 09-1457.

passengers including the driver, for WMATA MetroAccess.  *Id.*, ¶ 31.  Plaintiff contends the MV acted in conjunction with Challenger as his joint employer within the meaning of the FLSA, MWHL because, among other things, Defendants together maintain authority, control and supervision over Plaintiff and established the employment policies that were applied to Plaintiff, and jointly benefited financially from the work performed by Plaintiff.  *Id.*, ¶¶ 32- 35.

Plaintiff often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiff proper compensation for all of the hours worked by him as well as overtime compensation of one and one-half times his regular hourly rate.  *Id.*, ¶ 36. Throughout the Collective Action/Class Period, the Defendants likewise jointly employed other, similarly situated employees who drove vehicles weighing less than 10,001 pounds, which were designed and used to transport no more than 8 passengers. *Id.*, ¶ 37.  Such individuals have also worked in excess of forty hours a week yet the Defendants have likewise willfully failed to pay them compensation for all of the hours worked by them as well as overtime compensation of one and one-half times their regular hourly rate. *Id.*  The persons in the Class identified above are so numerous that joinder of all members is impracticable because there are at least hundreds of members of Class during the Class Period. *Id.*, ¶ 25.

Plaintiff alleged three claims in this action.  Plaintiff's first claim is asserted as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., on behalf of himself and all those similarly situated former or present drivers throughout the United States who choose to "opt-in", for unpaid wages for hours actually worked as well as overtime compensation at one and one-half times the regular rate of pay for work in excess of forty hours per week.  Plaintiff's second and third claims are asserted under the under the Maryland Wage and Hour Law, Md. Lab. & Empl.Code § 3-401, *et seq*. ("MWHL") and Maryland Wage

Payment and Collection Law, Md. Code Lab. & Empl. § 3-501, *et seq*. ("MWPCL"),[2]

respectively, on behalf of himself and those similarly situated former or present drivers in the

State of Maryland who do not choose to "opt-out" under Fed. R. Civ. P. 23, for unpaid wages for

hours actually worked as well as overtime compensation at one and one-half times the regular

rate of pay for work in excess of forty hours per week.

## III.   <u>SUMMARY OF ARGUMENT</u>

Defendants make three arguments in their motions to dismiss and/or strike, none of which

have any merit.  First, Defendants argue that Plaintiff's state law claims do not qualify for class

certification and should be stricken because Plaintiff purportedly cannot meet the numerosity and

superiority requirements of Rule 23.  Second, Defendants argue that Plaintiff's MWHL claims

are preempted by the FLSA.  Third, Defendants argue that Plaintiff's assertion of state law

claims for unpaid overtime on behalf of a class pursuant to Fed. R. Civ. P. 23 contravenes the

Rules Enabling Act.  Defendants' arguments fail for the following reasons.

*First*, Defendants' contention that Plaintiff's Rule 23 class allegations should be

stricken is nothing more than an improper attempt to oppose class certification before Plaintiff

has had an opportunity to pursue discovery on class certification issues or to file a motion for

class certification.  Such a motion should not be filed until the Court has had the opportunity

thoroughly to examine the appropriateness of certification under Rule 23.

*Second*, Defendants' contention that class certification is not superior flies in the face of

judicial economy.  Because Plaintiff has sufficiently pled original jurisdiction under the Class

Action Fairness Act, this Court has independent original jurisdiction over Plaintiff's state law

claims, and judicial economy dictates that the federal and state law wage claims be asserted in

the same action.

_____

[2] Plaintiff will stipulate to dismiss his claim under the Maryland Wage Payment and Collection Law.

*Third*, Defendants' contention that the FLSA's "opt-in" procedure for claims of unpaid overtime wages precludes prosecution of similar state law claims on behalf of a class of those who do not "opt-out" pursuant to Rule 23 is unsupported by the FLSA and has repeatedly been rejected by the courts, especially within the Fourth Circuit and this judicial district.  As explained in detail below, the FLSA explicitly authorizes state legislation that provides equivalent or greater protection of employees from employment practices prohibited by federal statute 29 U.S.C. § 218.  Recently, numerous courts, including this Court, and other courts in this judicial district, have held that the claims for unpaid overtime wages may be brought in a single action under the FLSA on behalf of those who "opt-in" pursuant to 29 U.S.C. §216(b), and under similar state laws on behalf of those who do not "opt-out" pursuant to Fed. R. Civ. P. 23.

*Finally*, because the collective action device under 29 U.S.C. § 216(b) is a procedure, and not a substantive right, it does not and cannot implicate or violate the Rules Enabling Act.

For these reasons, as more fully set forth below, Defendants' motions to dismiss and/or strike should be denied in their entirety.

## III.    STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *Reed v. Code 3 Sec. & Prot. Servs.*, 2009 U.S. Dist. LEXIS 118637, at * 8 (D. Md. Dec. 18, 2009) (*citing Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a),  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 512.  Fed. R. Civ. P. 8(a)(2). In two recent cases, the United States Supreme Court clarified the standard applicable to Rule 12(b)(6) motions. *See Ashcroft v.*

*Iqbal*, 129 S. Ct. 1937, (U.S. 2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Those cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 556, n.3. That showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

A court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In addressing a motion to dismiss, a court should first review a complaint to determine what pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949-50. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Indeed, "the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Id.* at 1954. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950.

Rule 12(f) of the Federal Rules of Civil Procedure allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[M]otions under 12(f) are viewed with disfavor by the federal courts and are infrequently granted," and are only granted when the challenged allegations "have no possible relation or logical connection to the subject matter of the controversy" or "cause

5

some form of significant prejudice to one or more of the parties to the action." *Bott v. U.S. Airways, Inc.*, 2009 U.S. Dist. LEXIS 50011, at * 9 (W.D.N.C. June 15, 2009) (*quoting* 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure §§ 1380,1382 (West 2009).

## IV.   ARGUMENT

### 1.   Defendants' Argument That Rule 23 Class Certification is Not Appropriate Is Premature and Without Support.

Defendants argue that joinder is practicable under Rule 23(a) because the proposed class consists only of Maryland residents.  Defendants are wrong.  First, Defendants' argument is premature, and is nothing more than a back-door attempt to oppose class certification before Plaintiff has had an opportunity to pursue discovery on class certification issues and file a motion for class certification.  Such a motion should not be filed until the Court has had the opportunity to thoroughly examine the appropriateness of certification under Rule 23. Such an examination cannot be done at this juncture of the case, however, because Plaintiff has not yet had the opportunity to conduct any discovery, let alone discovery on Rule 23 issues.  *See Barrett v. AVCO Fin. Servs.,* 292 B.R. 1 (D. Mass. 2003); *see also Bessette v. AVCO Fin. Servs.,* 279 B.R. 442, 451 (D.R.I. 2002) (denying motion to dismiss class allegations as premature, and allowing discovery to proceed on class certification issues before consideration of a motion for class certification); *Korman v. Walking Co.*, 503 F. Supp. 2d 755, 763 (E.D. Pa. 2007) (holding that a motion to dismiss or strike class allegations was premature, as the proper avenue for a defendant to contest a plaintiff's class allegations is upon submission of an opposition to a motion for class certification); *Chong v. State Farm Mut. Auto Ins. Co.*, 428 F. Supp. 2d 1136, 1146-47 (S.D. Cal. 2006) (same).

Second, Defendants proffer no evidence whatsoever that joinder would be practicable. To the contrary, Plaintiff has alleged in his Complaint that the class consists of at least hundreds

of individuals in the State of Maryland. *See* Comp., ¶ 25. Such a number is more than sufficient

to render joinder impracticable. *See Mitchell-Tracey v. United Gen. Title Ins. Co.*, 237 F.R.D.

551, 556 (D. Md. 2006) ("Courts have found classes of as few as forty members sufficiently

large to make joinder impracticable.").[3]

The sole case cited by Defendants that hails from the District of Maryland, *Talley v.*

*ARINC, Inc.*, 222 F.R.D. 260 (D. Md. 2004), does not compel a contrary conclusion. In *Talley*,

the Plaintiffs were afforded ample discovery into the class certification issue prior to the court

striking the allegations:

> Nine months were afforded to Plaintiffs to conduct discovery on the class
> certification issue. Based on the discovery obtained, Plaintiffs submitted extensive
> briefs in support of class certification along with affidavits, documentary and
> statistical evidence. Moreover, this Court conducted a full-day hearing on class
> certification. The Court thus has an ample record on which to base the Rule 23
> determination.

*Id.* at 266.

Accordingly, the Plaintiff here should be granted ample discovery before the Court rules

upon the propriety of Rule 23 class certification.

**2.      Defendants' Argument That Rule 23 Class Certification Would**
**Cause Confusion And Would Not Be Superior Lacks Merit.**

Defendants argue that having both a class under Federal Rule of Civil Procedure Rule 23

and a collective action under 29 U.S.C. § 216(b) would be too confusing and would not be

superior. This Court recently addressed a similar argument in *Reed,* 2009 U.S. Dist. LEXIS

118637, at * 12 - 14. In *Reed*, like here, the plaintiffs brought federal claims under the FLSA

---

[3] *Thiebes v. Wal-Mart Stores, Inc*., 2002 U.S. Dist. LEXIS 664, 2002 WL 479840 (D. Or., Jan. 9, 2002), cited by
Defendants, does not stand for a contrary result. In *Thiebes*, the plaintiffs were allowed discovery, and the court had
already conditionally certified a collective action under 216(b). *Id.* The court in *Thiebes* determined that joinder
was practicable based upon the opt-in rate *after* discovery and conditional certification. *Id.* Moreover, the *Thiebes*
decision itself has recently been criticized. *See Wren v. RGIS Inventory Specialists*, 256 F.R.D. 180, 203 (N.D. Cal.
2009) (rejecting the opt-in rate in assessing whether defendant had uniform policies that justify certification under
Rule 23).

and state claims under the MWHL that arose out of the same core of facts. *Id.* at 7.[4] The

defendant in *Reed*, like the Defendants here, argued that having two sets of plaintiffs would

create an impermissible potential for confusion. *Id.* Despite the fact that the members of an

FLSA class would very likely be different from the members of a Rule 23 class for the state law

claims, the Court was unconvinced that "the potential confusion of having two sets of plaintiffs

is an exceptional circumstance that outweighs the benefit of having one court adjudicate federal

and state claims arising out of the same case or controversy." *Id.* (internal quotations omitted);

*see also Hernandez v. Gatto Indus. Platers*, 2009 U.S. Dist. LEXIS 36023 (N.D. Ill. Apr. 28,

2009) (hybrid action in federal court is superior to other methods for resolving the controversy

for reasons of judicial economy). The Court concluded in *Reed* that, "because the federal and

state claims arise out of the same core of facts, [it stood] on firm ground in deciding to exercise

supplemental jurisdiction over these state law claims." *Reed*, 2009 U.S. Dist. LEXIS 118637 at *

14.

Accordingly, because Plaintiff's federal and state claims arise out of the same core of

facts, resolving both claims in this Court is the superior manner to resolve this controversy.

### 3.    Plaintiff's MWHL Claim Is Not Preempted.

Defendant proffer a smattering of decisions hailing from courts outside of the Fourth

Circuit in support of their brash argument that the procedure for an "opt-in" collective action for

unpaid minimum wages and overtime under the FLSA, 29 U.S.C. § 216(b), has such inherent

conflict with an "opt-out" Rule 23 class action under similar state labor law, that the former

preempts the latter. Telling, Defendants fail to cite to the Court the authority within the Fourth

Circuit and this judicial district that has considered Defendants' preemption argument, and found

---

[4] *See also* Challenger's Motion at p. 1 ("Plaintiffs' factual allegations are the same under all statutes.").

it to be lacking.  Moreover, the rationales set forth in the decisions cited by Defendants have been largely rejected by other courts across the country.

        a.        District Courts Within the Fourth Circuit Have Overwhelmingly
                    Rejected Defendants' Preemption Argument.

The overwhelming majority of district courts within the Fourth Circuit that have considered whether the FLSA preempts state law wage and hour claims have found that it does not.  Most recently, in *Hoffman v. First Student, Inc.*, 2009 U.S. Dist. LEXIS 53542, at * 27 (D. Md. June 23, 2009) (Davis, J.), Judge Davis thoroughly examined the preemption argument. In *Hoffman*, as here, the plaintiffs brought claims for unpaid overtime under the MWHL and the FLSA.  *Id.*  The defendants argued that the plaintiffs MWHL claims were preempted by the FLSA.  *Id.*  Judge Davis held, in a well-reasoned opinion, that "state statutory claims reside alongside and are consonant with the remedial scheme fashioned in the FLSA."  *Id.*

Judge Davis first noted that, "every Circuit that has considered the issue has reached the same conclusion -- state overtime wage law is not preempted by . . . the FLSA."  *Id.*  at * 27 (*quoting Overnite Transp. Co. v. Tianti*, 926 F.2d 220, 222 (2d Cir. 1991); *see also Central Delivery Serv. v. Burch*, 355 F. Supp. 954, 959-960 (D. MD. 1973), *aff'd mem.*, 486 F.2d 1399 (4th Cir. 1973).

Judge Davis next found that, "[t]here is no indication that Congress, in enacting the FLSA's savings clause, intended to preempt states from according more generous protection to employees . . . . [T]he purpose behind the FLSA is to establish a national floor under which wage protections cannot drop." *Hoffman*, 2009 U.S. Dist. LEXIS 53542,  at * 25(quoting *Pac. Merch. Shipping Ass 'n v. Aubry*, 918 F.2d 1409, 1418, 1425 (9th Cir. 1990) (itals. omitted)).  Here, the FLSA and the MWHL require the same thing of employers – "that they pay their employees at a rate of time and one half for hours worked over 40. See 29 U.S.C. § 216(b); Md. Code Ann.,

Labor & Empl. § 3-415(a)." *Hoffman*, 2009 U.S. Dist. LEXIS 53542, at * 25.

Judge Davis reasoned that the FLSA "does not preempt the MWHL because the protections of the latter may presumably exceed those of the former. Under the FLSA, an employer's failure to pay time and one-half for overtime work can result in the employee's recovery for the amount owed, plus liquidated damages and costs." *Id.* at * 26-27 (citing 29 U.S.C. § 216(b)). "If the court finds that the employer acted in good faith and that the employer had reasonable grounds to believe that its actions did not violate the FLSA, then the court may refuse to award liquidated damages. *Id*. at * 26 (citing 29 U.S.C. § 260). Under the MWHL, "an employer's failure to pay time and one-half for overtime work can result in the employee's recovery for the amount owed, plus interest, costs, reasonable attorney's fees, and any other relief deemed appropriate by the court." *Id.*

Finally, Judge Davis recognized that "while there is no Fourth Circuit case directly on point, there is ample persuasive support for the conclusion that the MWHL is not preempted by the FLSA." *Id.* In *Anderson v. Sara Lee Corp.*, the Fourth Circuit specifically noted that states have the power to set overtime provisions that are more stringent than the FLSA. 508 F.3d 181 (4th Cir. 2007) ("'[T]he mere existence of a federal regulatory or enforcement scheme' -- even if the scheme is an appreciably detailed one -- 'does not by itself imply preemption of state remedies.'") (*quoting English v. Gen. Elec. Co*., 496 U.S. 72, 87 (1990)) *Id.* at 193; *see also Williams v. Md. Office Relocators, LLC*, 485 F. Supp. 2d 616, 619 (D. MD. 2007).

Other district courts within the Fourth Circuit have reached similar conclusions. *See, e.g*., *Carver v. Velocity Express Corp*., 2008 U.S. Dist. LEXIS 35810, at * 4 (W.D.N.C. Apr. 14, 2008) (noting that while there is some authority for the position that a plaintiff may not seek certification under both Section 216(b) and Rule 23, "it is likely that the district court would

allow the plaintiff to seek certification under both provisions inasmuch as the reported decisions

of the district courts within the Fourth Circuit appear to allow for such a duality."); *see also*

*Beltran-Benitez v. Sea Safari, Ltd.,* 180 F. Supp. 2d 772, 774 (E.D.N.C. 2001) ("[D]efendants'

contention that allowing a Rule 23 class action along with a statutory class action under § 216(b)

will 'prohibit an orderly . . . disposition of this case' is not grounded in fact. Both claims raise the

same basic grievance . . . Resolving the NCWHA claims along with the FLSA claims will not be

unduly burdensome, and is encouraged by the Supreme Court precedent in *Gibbs*.") (citing

*United Mine Workers v. Gibbs,* 383 U.S. 715, 725 - 728 (1966)); *Westfall v. Kendle Int'l, CPU

LLC*, 2007 U.S. Dist. LEXIS 11304, at * 20 (N.D. W. Va. Feb. 15, 2007) (rejecting defendant's

assertion that a § 216(b) collective action and a Rule 23 class action are incompatible, and

finding that "[m]any courts have considered both of these types of actions within the same

case").

Accordingly, here, as in *Hoffman*, Plaintiff's claims under the MWHL "fit comfortably"

alongside and are consonant with the remedial scheme fashioned in the FLSA.

> b. The Cases Cited By Defendants Are Unpersuasive and Do Not
> <u>Compel A Contrary Conclusion</u>.

The cases that Defendants cite in their preemption argument – all of which hail from

outside of the Fourth Circuit – are unpersuasive and do not compel a contrary conclusion.  For

instance, *Ellis v. Edward D. Jones & Co*., *L.P.,* 527 F. Supp. 2d 439, 456 (W.D. Pa. 2007), cited

by Defendants, was decided in the context of preliminary approval of a settlement agreement

and, thus has been characterized as "counter-intuitive" by courts that subsequently examined the

same issue. *See Damassia v. Duane Reade, Inc*., 250 F.R.D. 152, 164 (S.D.N.Y. 2008)

(characterizing *Ellis* as "counter-intuitive" and declining to follow it); *see also Bouaphakeo v.

Tyson Foods, Inc*., 564 F. Supp. 2d 870, 886 (N.D. Iowa 2008) (criticizing *Ellis* and holding that

the FLSA does not generally preempt state law claims); *Morrison v. Staples, Inc*., 2008 U.S.

Dist. LEXIS 96323, at * 10 (D. Conn. Nov. 13, 2008) (rejecting *Ellis* and upholding the

concurrent prosecution of 29 U.S.C. § 216(b) FLSA claims and more protective state labor law

class claims under the Connecticut Minimum Wage Act based on the FLSA savings clause and

long-standing precedent); *Guzman v. VLM, Inc.*, No. 07-CV-1126, 2008 U.S. Dist. LEXIS

15821, at * 31 (E.D.N.Y. March 2, 2008) (holding that the "cases which rely solely on the theory

of inherent incompatibility are simply wrongly decided under an imaginary legal doctrine").

Defendants also erroneously rely upon *Burkhardt-Deal v. Citifinancial, Inc*., 2008 WL

2357735 (W.D. Pa. Oct. 31, 2008).  The court in *Burkhardt-Deal* did not grant the drastic relief

of dismissal of state law minimum wage and overtime claims sought by the Defendant here.

Instead, the court rejected the argument that *Ellis* is persuasive authority for the argument that

the FLSA preempts similar state law claims and allowed both FLSA claims and similar state law

claims to proceed simultaneously, albeit in separate actions involving the same plaintiffs and

defendant, represented by the same counsel, before the same federal court. *Burkhardt-Deal*

followed *Ellis* only to the extent of requiring that claims pursued as an "opt-in" collective action

under the FLSA, and as an "opt-out" Rule 23 class action under state law, not be combined in the

same lawsuit (which holding, Plaintiff submits, should not be applied in this case).

Similarly, the *Leuthold v. Destination Am*., 224 F.R.D. 462 (N.D. Cal. 2004) decision that

Defendants cite has been rejected by the majority of other courts.  *See Wren v. RGIS Inventory*

*Specialists*, 256 F.R.D. 180, 210 (N.D. Cal. 2009) ("while concerns have been expressed by

some courts regarding the propriety of allowing plaintiffs to prosecute both opt-in and opt-out

claims in the same action. . . the majority of courts, including courts in this district, have

concluded that the two types of actions are not inconsistent") (*citing Ellison v. Autozone*, 2007

U.S. Dist. LEXIS 70187 (N.D. Cal. Sept. 13, 2007); *Baas v. Dollar Tree Stores, Inc.*, 2007 U.S.

Dist. LEXIS 65979, at * 12 – 13 (N.D. Cal. Aug. 29, 2007); *and Lindsay v. Gov't Emples. Ins.*

*Co.*, 448 F.3d 416, 424 (D.C. Cir. 2006)).

In sum, the cases relied upon by the Defendants are not persuasive, and consequently are

in the minority.

### 4.   Rule 23 "Opt-Out" Class Procedure for State Law Unpaid Overtime Claims Does Not Violate the Rules Enabling Act.

Defendants argue that the Rules Enabling Act ("REA"), 28 U.S.C. § 2072(b), bars

Plaintiff's state-law class claims, apparently on the theory that the FLSA's "opt-in" collective

action device confers a substantive right on employees, and if the Court were to hear employees'

state overtime claims (which are routinely brought using the class action device of Fed. R. Civ.

P. 23) in conjunction with a FLSA action, the state class action would somehow encroach upon

their FLSA "substantive" rights in derogation of the REA.

Defendants' novel argument is disposed of by the simple fact that the FLSA's "opt in"

procedure has been held to be just that – a procedure. It does not confer any substantive rights.

*See O'Connell v. Hove*, 22 F.3d 463, 468 (2d Cir. 1994). The D.C. Circuit has recently and flatly

stated that any difference between Rule 23 and § 216(b) is a "mere *procedural* difference . . . ."

*Lindsay*, 448 F.3d at 424 -  425 (reversing denial of Rule 23 certification of New York Labor

Law ("NYLL") claims in a FLSA/NYLL case and rejecting argument that Rule 23 and § 216(b)

are in conflict). Tellingly, Defendants do not cite to any authority holding that adjudicating

federal and state overtime claims together violates the REA.

Rather, Defendants' argument under the Rules Enabling Act is based exclusively on a

mischaracterization of an inherent incompatibility between a collective "opt-in" procedure for

unpaid overtime claims under the FLSA and an "opt-out" class action procedure for similar state

law claims. This interpretation of the Rules Enabling Act is plainly in the minority, which was why it was roundly rejected in *Morrison,* 2008 U.S. Dist. LEXIS 96323, at * 10; *see also Bouaphakeo,* 564 F. Supp. 2d at 886 (critizing *Ellis* and holding that the FLSA does not generally preempt state law claims); *Damassia,* 250 F.R.D. at 164 (finding that "*Ellis* reaches its conclusion based on the somewhat counter-intuitive proposition that while the opt-out requirement of Rule 23 is 'procedural' the opt-in requirement of the  FLSA is 'substantive' and that therefore the Rules Enabling Act requires that the former yield to the latter."); *Guzman,*2008 U.S. Dist. LEXIS 15821, at * 31 (holding that the "cases which rely solely on the theory of inherent incompatibility are simply wrongly decided under an imaginary legal doctrine")*, Osby v. Citigroup, Inc.,* 2008 U.S. Dist. LEXIS 39041, at *13 (W.D. Mo. May 14, 2008) ("courts that have addressed the argument that the Rules Enabling Act prohibits Rule 23 state law wage claims to be brought with FLSA collective actions have 'uniformly and squarely rejected it.'").

Accordingly, Defendants' argument that the REA somehow bars Plaintiff's Rule 23 state law claims should be rejected.

## V.      CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss and/or strike should be denied.



Date:  February 5, 2010                                /s/ Gary E. Mason
                                                       Gary E. Mason
                                                       Md. Bar No. 15033
                                                       Nicholas A. Migliaccio
                                                       Md. Bar No. 29077
                                                       Mason LLP
                                                       1625 Massachusetts Avenue, N.W.
                                                       Suite 605
                                                       Washington, DC 20036

Seth R. Lesser
Fran L. Rudich
Klafter, Olsen & Lesser, LLP
Two International Drive, Suite 350
Rye Brook, NY 10573

## <u>CERTIFICATE OF SERVICE</u>

I, Gary E. Mason, hereby certify that on this 5th day of February 2010, I electronically

filed the foregoing document with the Clerk of the Court using the CM/ECF system which will

send notification of such filing to the following to all counsel of record in this matter.


<u>/s/  Gary E. Mason</u>
Gary E. Mason